UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL HUNTER HAURY,            )
                                 )
        Petitioner,               )
                                 )
    v.                            )    CAUSE NO. 3:10-CV-443 PS
                                 )
SUPERINTENDENT,                   )
                                 )
        Respondent.               )

# OPINION AND ORDER

Michael Hunter Haury, a *pro se* prisoner, filed this habeas corpus petition challenging a prison disciplinary proceeding. (DE 1.) Under Rule 4 of the Rules Governing Section 2254 Cases, I am obligated to review the petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."

In MCF 10-09-0053, Sergeant Webb, a hearing officer at Miami Correctional Facility ("MCF"), found Hunter guilty of threatening staff in violation of B213. (DE 1-1.) The charge stemmed from a conduct report prepared by Captain Truax, which stated as follows:

> On September 7, 2010 offender Michael H. Haury #902974 exited F-Unit during the noon meal and was toward the end of the mass movement line of F-Unit offenders. He was with a group of approximately thirty (30) other offenders and Haury loudly stated to myself on the Phase I Yard walkway in front of C-Unit, "Truax, this chow is completely screwed up; What are you all gonna do when we just decide to have a riot in here?!" I stopped the offender, and allowed the other offenders to all pass by. Once the offender was alone and isolated, I directed Sergeant A. Bullins who I called to my location via radio to place the offender in mechanical restraints and escort him to The Special Control Unit. The offender was apologetic and stated, "I know that I shouldn't have said that Truax. I really fucked up didn't I?" I stated, "Yes, you did." Haury was escorted to SCU without further incident.

(DE 1-1 at 2.) Haury was given a copy of the conduct report. (*Id.*)

1

On September 8, 2010, Haury was notified that he was being charged with attempting to incite a group demonstration in violation of B240/223. (*Id.* at 2-3.) He pled not guilty, declined a lay advocate, requested no witnesses, and requested that available video be reviewed. (*Id.* at 3.) Sergeant Webb reviewed the surveillance video, but his summary stated that the incident could not be seen on the video due to the distance of the camera. (*Id.* at 4.) On September 9, 2010, Sergeant Webb conducted a disciplinary hearing and found Haury guilty of a modified charge, threatening staff in violation of B213.[1] (*Id.* at 5.) Haury appealed to the facility head and the final reviewing authority, but his appeals were denied. (*Id.* at 6-7.)

Haury raises four claims in his petition, all of which are variations on one claim: that his due process rights were violated because Sergeant Webb found him guilty of a different code violation than was listed on the screening notice. (DE 1 at 4-5.) He claims that he did not get proper notice of the modified charge and had "no way to defend" against this charge. (*Id.* at 4.)

In *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003) (per curiam), the Seventh Circuit rejected a similar argument made by an Indiana inmate. Northern was charged with conspiracy and bribery in connection with an investigation revealing that he and two other inmates were smuggling tobacco into the facility. *Id.* at 909-10. Prior to the hearing, he was given a copy of the investigation report detailing the factual basis for the charges. *Id.* at 910. He was found guilty by a Conduct Adjustment Board, but on appeal the reviewing authority determined that the facts

---

[1] Haury asserts in his petition that he lost earned time credits at the hearing, which would entitle him to due process protections under *Wolff v. McDonnell*, 418 U.S. 539 (1974). (*See* DE 1 at 1.) The report of disciplinary hearing he attaches to his petition does not reflect that he lost earned time credits, but the document is a very poor copy and so the matter cannot be determined with certainty. For purposes of screening, I have presumed that Haury was entitled to due process protections at the hearing.

more appropriately supported a finding that Northern had committed "attempted trafficking." *Id.* He modified the charge accordingly. *Id.*

Northern filed a federal habeas petition claiming that the reviewing authority's action violated his due process rights because it did not give him adequate notice of the charges and prevented him from mounting an appropriate defense. *Id.* The Seventh Circuit rejected this argument, relying on the fact that Northern had been given advance written notice through the investigation report which "inform[ed] him of the facts underlying the charge." *Id.* The Court concluded, "Because the factual basis of the investigation report gave Northern all the information he needed to defend against the trafficking charge, the reviewing authority's modification did not deprive Northern of his due process rights." *Id.* at 911.

Similarly, here, Haury was given a copy of the conduct report which detailed the factual basis for the charge, specifically, the statement he made to Captain Truax during lunch on September 7, 2010. (*See* DE 1-1 at 2.) The conduct report gave Haury all the information he needed to defend against a charge that he threatened Captain Truax. Haury states that he wanted to call "20 witnesses" to defend himself against the threatening charge, presumably the other inmates in the lunchroom at the time of the incident. (*See* DE 1 at 5.) But Haury did not request any witnesses at the time of screening on the group demonstration charge, and he would have had the same interest in defending against that charge given that it was also a B-level offense. *See Northern*, 326 F.3d at 911 (no due process violation where original and modified charge were both A-level offenses). It was Haury's decision not to call any witnesses or present other exculpatory evidence to show that he did not make the statement to Captain Truax, and his failure to do so does not establish a due process violation.

3

Haury also suggests that Sergeant Webb violated internal prison policies by modifying the charge against him. (DE 1 at 4.) However, relief in a federal habeas proceeding is only available for a violation of the U.S. Constitution or laws, and a violation of state law does not suffice. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

For the foregoing reasons, the habeas corpus petition (DE 1) is **DENIED**.

**SO ORDERED**.

ENTERED: November 5, 2010.

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT
